1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMEC ENV'T & INFRASTRUCTURE, INC., | Case No. 12-cv-01735 SC (NC) |
| Plaintiff, | **ORDER ON DISCOVERY LETTER BRIEF** |
| v. | Re: Dkt. No. 88 |
| INTEGRAL CONSULTING, INC., and others, | |
| Defendants. | |

This order resolves several discovery disputes pending in this trade secret theft case. The Court heard oral argument regarding the parties' discovery letter brief on April 30, 2014. Dkt. No. 89. The Court addresses each dispute below, guided by Federal Rule of Civil Procedure 26 and its call for proportional discovery. *See Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013) (Rule 26 requires the Court to "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case.").

**A.    Hard Copy Documents**

AMEC requests duplicate hard copy documents "maintained in AMEC's Oakland office" that were retained by defendant Ed Conti after he left AMEC.  Dkt. No. 88 at 1. Integral argues that the documents were transferred to Integral or were related to projects that Integral sub-contracts to AMEC.  *Id.* at 4.  At oral argument, counsel for AMEC stated that these hard copy documents have not been searched or reviewed because they are duplicates of electronic documents already produced.  It is unclear to the Court how Integral claims to know the contents of the document are duplicative or related to transferred projects if Integral has undertaken no review of the documents.  Regardless, whether the projects were transferred to Integral is a disputed issue in this case, and understanding which documents Conti and other defendants retained upon departure from AMEC is relevant to AMEC's claims.  Integral has not demonstrated what the burden is in producing the hard copy documents; Integral has not described the volume of documents or what type of review it would be required to undertake.  The Court therefore finds that the burden of producing the documents is outweighed by AMEC's need for the relevant documents, and Integral must produce responsive hard copy documents retained by Conti within fourteen days of this order.

**B.    Billing Entries**

AMEC next requests billing entries for defendants Conti, Hillyard, Averill, and Dhaliwal from the first 30 days of their employment at Integral.  AMEC argues that the entries are relevant to whether the individual defendants asked AMEC clients to transfer work to Integral prior to their departures from AMEC, and whether they worked on AMEC projects prior to being authorized to do so.  *Id.* at 2.  Integral responds that if Integral billed and was paid for work performed for AMEC clients, that work was clearly authorized by the client.  *Id.* at 5.  But the billings may show that work on AMEC projects began prior to written authorization from the client.  Integral has not made a showing that production of the billing entries, which are narrowly tailored to the individual defendants for a 30 day period, would be burdensome.  Integral must therefore produce billing entries responsive to

1   document request number 23.

2   **C.   Personal Email Communications**

3       AMEC next requests emails related to Integral from the personal email accounts of

4   the individual defendants.  At the hearing, counsel for Integral stated that Integral has

5   already applied search terms to the personal emails of the individual defendants and

6   produced relevant documents.  The Court orders Integral to update its response to document

7   request 25 to reflect that information within seven days of this order.  AMEC's request for

8   additional personal email documents is denied for lack of good cause.

9   **D.   Proposals and Communications Related to AMEC Clients**

10      AMEC seeks 1) "documents sufficient to show the scope of work or services

11  proposed" to AMEC clients, including bid proposals and submitted qualifications; 2)

12  communications between the individual defendants and AMEC employees related to work

13  to be performed for AMEC clients; and 3) communications with new clients after the

14  individual defendants joined Integral.  *Id.* at 2.  The request is granted in part and denied in

15  part.  Bid proposals or other documents showing the scope of work, qualifications, and

16  proposed rates to be charged to AMEC clients are directly relevant to AMEC's claims in

17  this case, and Integral has not stated what the burden is to them in producing these

18  documents.  That request is therefore granted and Integral must produce these documents

19  within fourteen days of this order.  As for communications between the individual

20  defendants and AMEC employees, AMEC has not explained why it would not already have

21  communications where its own employees were parties to a conversation.  That request is

22  therefore denied.  The request for communications with new clients is also denied, as the

23  Court already denied that request in its September 25, 2013 order.  Dkt. No. 54.

24  **E.   Search Terms**

25      AMEC next objects to the search terms used by Integral in its document production.

26  AMEC requests that the Court order Integral to use the search criteria proposed by AMEC.

27  This request is denied for lack of good cause based on a failure to raise this issue sooner.

28  The parties in this matter have presented various discovery disputes to the Court over the

course of the last eight months. *See* Dkt. No. 38. Integral has already produced documents responsive to AMEC's document requests. It is the responsibility of both parties to agree to search criteria prior to engaging in e-discovery, and search criteria are to be discussed early on in a case beginning with the Rule 26(f) conference. *See* United States District Court, Northern District of California, *Guidelines for the Discovery of Electronically Stored Information*, Guideline 2.02. If the parties had a disagreement as to the search criteria to be applied to documents in this case, the appropriate time to raise that dispute with the Court was not after Integral had substantially completed its production of documents. It appears that the parties engaged in some discussion of search terms in November 2013, but never pursued it further. Dkt. No. 88 at 5. AMEC does not explain why it waited until six months later to raise this issue with the Court, but it must now live with the consequences of its delay. The burden to the parties and the Court in effectively starting over the e-discovery process greatly outweighs AMEC's purported need for additional documents.

**F.     Interrogatory Seeking Transfer Communications**

Finally, AMEC requests that Integral update its response to interrogatory request number 12, which asks Integral to identify communications in which AMEC clients authorized Integral to initiate new work within the twelve months after the start of Conti's employment with Integral. *Id.* at 3. Integral responds that it has already produced documents related to this request. Producing the documents supporting Integral's theory that projects were transferred is not the same as responding to an interrogatory requesting that Integral identify the documents supporting transfer of each project. The information is directly relevant to Integral's defense, and Integral is therefore ordered to update its response to interrogatory 12 within seven days of this order.

## CONCLUSION

Within fourteen days of this order, Integral must produce Conti's hard copy documents, billing entries, and documents sufficient to show the scope of work or services proposed to AMEC clients, including bid proposals. Within seven days of this order, Integral must update its responses to interrogatory request 12 and document request 25.

Any party may object to this order within fourteen days.  Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date:  May 6, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge