IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMEC ENVIRONMENT & INFRASTRUCTURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTEGRAL CONSULTING, INC. et al., <br><br> Defendants. | Case No. 12-cv-01735-SC <br><br> <u>ORDER</u> |

On May 6, 2014, Judge Nathanael Cousins -- who is managing discovery in this case -- issued an order on several discovery disputes. ECF No. 91 ("Discovery Order"). In that order, Judge Cousins denied Plaintiff AMEC Environment & Infrastructure, Inc.'s ("AMEC") objection to the search terms that Defendant Integral Consulting, Inc. ("Integral") used in its document production. Judge Cousins also denied AMEC's request for an order that Integral use different search criteria to produce documents. Judge Cousins denied the request because AMEC raised the issue too late in the

discovery process.  Id. at 3-4.

AMEC has objected to Judge Cousins's order, arguing that AMEC failed to raise the issue earlier because of a good-faith attempt to resolve this case through mediation and informal discovery. According to AMEC, the only reason the issue was not raised earlier was because AMEC had hoped that formal discovery might not be necessary at all.  ECF No. 97 ("AMEC Obj'n"), at 3-4.  However, the parties did not brief the timing issue, so Judge Cousins may not have considered AMEC's explanation when he ruled.

The Court hoped that the parties would be able to agree on the correct search terms to use without the necessity of ruling on the objection.  To that end, at a status conference on May 30, the Court ordered AMEC and Integral to meet and confer regarding search terms.  See ECF No. 101.  Since that date, the parties have submitted a series of letters to the Court.  ECF Nos. 106 ("AMEC July 17 Letter"), 107 ("Integral July 18 Letter"), 108 ("AMEC July 21 Letter").  From those letters, it is clear that the parties have been unable to resolve their dispute regarding search terms.

AMEC asserts that "[o]n May 30, 2014, the Court expressly overruled Judge Cousins's prior order."  AMEC July 21 Letter.  That is not the case; the Court did not rule on AMEC's objection at the May 30 conference.  The Court merely expressed its (apparently vain) hope that the parties could meet and confer and resolve this issue without judicial intervention.

That said, it is possible that AMEC's argument is meritorious. The Court would not wish to punish AMEC for engaging in a good faith attempt to resolve the case through mediation and informal discovery.  If AMEC's explanation is accurate, Judge Cousins may

2

have inadvertently penalized AMEC for its mediation efforts because he ruled on this issue before AMEC had an opportunity to explain. The Court therefore DIRECTS AMEC to re-raise its search term objection before Judge Cousins, so that Judge Cousins may, if he finds it appropriate, reconsider his ruling on the search term objection in light of AMEC's explanation for its timing.

IT IS SO ORDERED.

Dated: July 31, 2014



UNITED STATES DISTRICT JUDGE

3