1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

AMEC ENV'T & INFRASTRUCTURE, INC.,

               Plaintiff,

        v.

INTEGRAL CONSULTING, INC., and others,

               Defendants.

Case No. 12-cv-01735 SC (NC)

**ORDER ON DISCOVERY LETTER BRIEFS**

Re: Dkt. Nos. 119, 120, 121

The parties present three discovery disputes: (1) whether additional search parameters should be applied to Integral's documents pursuant to AMEC's formal discovery requests, Dkt. No. 119; (2) whether Integral must produce "derived documents" and additional copies and devices, Dkt. No. 120; and (3) whether AMEC must amend its interrogatory responses to more clearly identify its trade secrets and damages calculations, Dkt. No. 121.

First, regarding search terms, the Court orders Integral to submit additional information.  By September 3, 2014, at 5:00 p.m., Integral must file a supplemental brief outlining what documents it has produced, when, what search terms it applied to the

Case No. 12-cv-01735 SC (NC)
ORDER ON DISCOVERY LETTER
BRIEF

documents in prior productions, what the hit count is on AMEC's most recent proposed search terms at docket entry 90-1, and what the estimated cost is of producing documents pursuant to AMEC's most recent proposed search terms.  With that information in hand, the Court may order additional meet and confer, additional briefing, or a further hearing.  The parties are encouraged to continue to meet and confer to reach an agreement on additional document discovery without Court intervention, keeping in mind that the Court will approach the dispute with the aim of "strik[ing] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).  The Court takes letter brief 119 under submission.

Second, the Court denies without prejudice AMEC's request for "derived documents."  The Court finds this request to be vague and difficult to define.  A custodian tasked with locating "derived documents" would be left with little guidance on how to precisely identify a document meeting that description.  The Court also denies the request for additional copies or devices at this time, because the demonstrated benefit of this discovery is marginal compared with the burden, especially given that AMEC may receive additional document discovery through the application of additional search terms.  The Court also finds that the need for copies is lessoned, given that Integral recently produced a .DAT file that identifies duplicate documents and their source location.

Third, the Court orders AMEC to amend its interrogatory responses in order to identify trade secrets and damages calculations with greater particularity.  Greater particularity does not mean a greater word count.  It instead requires that AMEC must specifically identify the trade secrets that it alleges defendants have stolen, and the damages it has incurred as a result.

Although AMEC complains that Integral holds the documents containing AMEC's trade secrets, this argument falls flat, as "[a] true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any

discovery." *Jobscience, Inc. v. CVPartners, Inc.*, No. 13-cv-04519 WHA, 2014 WL 852477, at*5 (N.D. Cal. Feb. 28, 2014).  AMEC is charged with knowing its own business and the trade secrets that it owns and protects.  The clear identification of trade secrets is an important step in the litigation, as interrogatories such as these are designed "to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. 98-cv-03477 CRB (JCS), 1999 WL 33292943, at *7 (N.D. Cal. Sept. 17, 1999); *see also Jobscience*, 2014 WL 852477, at *4 (rejecting vague description of plaintiff's trade secrets because it "could be read so broadly as to incorporate everything about its business practices.").

AMEC's first supplemental interrogatory response identifies four categories of trade secrets: (1) AMEC's client lists and customer information; (2) AMEC's billing rates, multipliers, and staffing procedures; (3) AMEC's client site information; and (4) AMEC's qualifications and proposals.  AMEC's second supplemental response also includes four categories of trade secrets: (1) AMEC's internal procedures, manuals, guidelines, templates, and forms; (2) AMEC internal management and financial procedures and documents; (3) AMEC internal marketing materials and prospects for future business; (4) AMEC project-specific information, documents, and compilations.  It is not clear from the second supplemental response whether these four categories of documents encompass the first four identified categories, or if they are in addition to those identified categories.  The Court orders AMEC to file an amended interrogatory response that replaces the first three responses.  In other words, the Court orders a re-do.

The amended interrogatory response must trim the fat currently contained in AMEC's twenty-five page response.  Lengthy preambles and vague descriptions of "files," "devices," and "documents," are not helpful.  Instead, AMEC is to identify, in a numbered list, each trade secret it claims was misappropriated. *See TMX Funding, Inc. v. Impero Technologies, Inc.*, No. 10-cv-00202 JF, 2010 WL 2509979, at *3-4 (N.D. Cal. June 17, 2010) (finding list of nine trade secret categories "sufficient to permit Defendants at least to

1
2
3
4

ascertain the boundaries within which the secrets lie."). For each trade secret, AMEC must identify why the information is protected and valuable. To the extent a trade secret concerns a specific client or project, the list must identify that client or project. Going forward the list will serve to limit the scope of discovery and the issues at trial.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

As for the response regarding damages, AMEC states that it "has calculated its damages for the loss of the clients and projects at issue using [a] multiplier, based on the average revenue for the projects at issue discounted by the continued revenue received by AMEC subsequent to the departures of the individual defendants for a loss of $7.3 million." This answer is unclear and imprecise. AMEC seems to be indicating that it calculated the $7.3 million total damage by taking the average project revenue minus continued revenue, and multiplying that amount. AMEC's reasoning for why and how much its lost project revenue should be multiplied is unclear, and in amending its response AMEC must explain in detail why that method is appropriate. In addition, AMEC must specify the amount of the "average revenue for the projects at issue" and the amount of the "continued revenue received by AMEC subsequent to the departures in the individual defendants" that it is using to reach the total. Because AMEC is claiming that project-specific documents, information, and compilations are trade secrets that were misappropriated, AMEC must also specify the amount of revenue lost for each identified project and how it calculated that figure.

20

**CONCLUSION**

21
22
23
24
25
26
27

By September 3, 2014, at 5:00 p.m., Integral must file a supplemental brief outlining what documents it has produced, when, what search terms it applied to the documents in prior productions, what the hit count is on AMEC's most recent proposed search terms at docket entry 90-1, and what the estimated cost is of producing documents pursuant to AMEC's most recent proposed search terms. By September 11, 2014, at 5:00 p.m., AMEC must serve Integral with amended responses to interrogatories 10-18 in accordance with this order.

28

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

Case No. 12-cv-01735 SC (NC)
ORDER ON DISCOVERY LETTER
BRIEF

4

1    IT IS SO ORDERED.

2    Date:  August 28, 2014

3    _____
     Nathanael M. Cousins
4    United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28