UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMEC ENV'T & INFRASTRUCTURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTEGRAL CONSULTING, INC., and others, <br><br> Defendants. | Case No. 12-cv-01735 SC (NC) <br><br> ORDER GRANTING AMEC'S PROPOSED ELECTRONIC SEARCH TERMS |

This order supplements the August 28, 2014, order concerning electronic search terms to be used by Integral in searching for data responsive to requests from AMEC. Dkt. No. 133. The Court has reviewed the supplemental filings by both parties. Dkt. Nos. 137, 145. The Court is also aware that there are pending requests to the trial judge to amend the complaint by adding defendant David Averill, and to continue discovery and the trial.

In its most recent order, the Court denied AMEC's vague request for Integral to produce "derived documents" and directed the parties to confer further in an effort to agree on a protocol for electronic search terms. Dkt. No. 133. The parties were not able to agree on a protocol. Integral reports that using AMEC's search terms would result in 411,426 document "hits" and would cost Integral between $1.48 and $3.3 million to process and

Case No. 12-cv-01735 SC (NC)
ORDER ON SEARCH TERMS

produce. Dkt. No. 137. In response, AMEC disagrees with Integral's methodology in estimating its costs, but proposes to further narrow certain of the search terms. Dkt. No. 145.

As an initial matter, the Court reaffirms its commitment to secure the just, speedy, and inexpensive determination of this action. Fed. R. Civ. P. 1. The Court is concerned that discovery litigation in this case is being used by both parties less as a search for truth and more as a cudgel to impose costs on a business adversary.

The Court finds that AMEC's requests seek relevant information. The disputed question is whether the burden of producing the information outweighs its probative value. The Court is not persuaded that Integral's cost estimates are accurate. And Integral has not proposed a less expensive alternative that would provide equivalent information to AMEC.

On the other hand, the Court is concerned that AMEC may be motivated to make the discovery process as expensive as possible for Integral.

For these reasons, the Court GRANTS the revised relief sought by AMEC in Dkt. No. 145, but with a twist. To be specific, Integral must run for all custodians, including those identified by AMEC in footnote 6, the search terms identified by AMEC in its "AMEC's Narrowed Terms" chart in Dkt. No. 145. Integral must produce all responsive data to AMEC by November 12, 2014.

The twist is that the Court will later consider cost sharing between the parties for this production. The possibility of cost sharing will give the parties common motivation to make this production as efficient as possible. When Integral has completed its production in accordance with this order, it must file a notice that it has done so and state whether it will be seeking cost sharing. Within 7 days after completing the production, Integral may file a motion seeking cost sharing, supported by declaration(s) setting forth its actual expenses. AMEC may oppose the motion within 7 days. In ruling on a cost sharing request, the Court will be interested in the cooperation, communication, and reasonableness shown by each side.

1 | Any party may object to this nondispositive discovery ruling, but must do so within 14 days. Civil L.R. 72-2.

IT IS SO ORDERED.

Date: October 9, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge