IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMEC ENVIRONMENT & INFRASTRUCTURE, INC., <br><br>    Plaintiff, <br><br>    v. <br><br>INTEGRAL CONSULTING, INC.; EDWARD P. CONTI; and MATTHEW HILLYARD, <br><br>    Defendants. | Case No. CV 12-01735 SC <br><br> ORDER ON PLAINTIFF'S MOTIONS TO SHORTEN TIME AND CONTINUE TRIAL |

Now before the Court are two motions regarding scheduling in this case: (1) Plaintiff AMEC Environment & Infrastructure, Inc.'s ("AMEC") administrative motion to continue the trial and other pretrial deadlines (ECF No. 146), and (2) AMEC's motion to shorten time to hear its motion to file an amended complaint (ECF No. 148). Defendant Integral Consulting, Inc. ("Integral") has opposed both motions (ECF Nos. 146, 158), and Defendants Edward Conti and Matthew Hillyard have joined those oppositions (ECF Nos. 157, 161). For the reasons set forth below, AMEC's motion to continue the trial and extend other pretrial deadlines is GRANTED, and AMEC's

motion to shorten time to hear its motion to file an amended complaint is DENIED.

At the outset, Integral argues that AMEC's motion to continue the trial and extend discovery is not properly brought as an administrative motion. Integral argues that the extension of discovery is not a "routine administrative matter," as described in Civil Local Rule 7-11. ECF No. 146 at 3. Instead, Integral asserts that AMEC's motion should have been brought as a motion to change time under Rule 6-3.

Integral cites no authority in support of its position, but Judge Alsup considered the issue recently. Judge Alsup held that a motion to extend fact discovery and modify a scheduling order sought "relief governed by the federal rules [of civil procedure]" and was therefore "erroneously styled . . . as an administrative motion." Raymat Materials, Inc. v. A & C Catalysts, Inc., C 13-00567 WHA, 2014 WL 1647529, at *6 (N.D. Cal. Apr. 22, 2014). However, other judges in this District have considered such motions as administrative motions without addressing whether they are properly brought as such. See, e.g., Yanting Zhang v. Safeco Ins. Co. of Am., C 12-1430 CW, 2013 WL 1832641, at *6 (N.D. Cal. May 1, 2013); Ho v. Ernst & Young LLP, C05-04867 JF, 2007 WL 2070216, at *1-2 (N.D. Cal. July 17, 2007).

The Court agrees with Judge Alsup; AMEC's first motion should have been brought as a motion to change time under Rule 6-3. However, the rules for motions to change time and administrative motions are virtually identical: both limit the motion and opposition to five pages and require the opposition to be filed within four days. Compare Civ. L.R. 6-3 with Civ. L.R. 7-11.

Integral points out that Rule 6-3 permits the Court to "grant, deny, modify the requested time change or schedule the matter for additional briefing or a hearing."  Integral seems to suggest that the court may not order additional briefing or a hearing on an administrative motion.  ECF No. 146 at 3.  However, Rule 7-11 specifies that "[u]nless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due" (emphasis added).  It is not clear to the Court that there is any meaningful difference; in fact the text of Rule 7-11 indicates that the Court could order additional briefing or a hearing on an administrative motion as well.  Regardless, the Court determines that additional briefing or a hearing is unnecessary.  Accordingly, the Court will consider AMEC's motion even though it should have been brought as a motion to change time.[1]

AMEC alleges that an extension of discovery is necessary because Integral has repeatedly resisted AMEC's disclosure requests and because AMEC wishes to amend its complaint to add a new defendant.  AMEC may therefore require additional time to conduct discovery related to the new defendant.  Integral asserts that it has been responsive to AMEC's discovery requests but that AMEC has simply not found the evidence it wants.  At this point, however, the Court has not determined the merit of AMEC's motion to amend its complaint to add a new defendant.  That motion is the subject of AMEC's motion to shorten time; the motion to amend the complaint

---

[1] This is the approach Judge Alsup took as well.  See Raymat Materials, 2014 WL 1647529, at *6.  As in Raymat Materials, "[b]oth sides would benefit from the expeditious resolution of this motion so that they can move forward with their trial preparation."  Id.

3

1 is scheduled to be heard on November 14, two days after the current
2 close of discovery on November 12.
3     The Court finds that good cause exists to extend the discovery
4 deadline.  Blame for the torturous discovery process in this case
5 likely lies with both parties.  However, the Court finds that
6 extending the discovery deadline commensurate with the new trial
7 date will help resolve Integral's transgressions without inflicting
8 undue prejudice.  It will also permit the Court to resolve the
9 motion to amend the complaint on the normal schedule.  If the Court
10 finds that AMEC has good cause to amend its complaint to add a new
11 defendant, that alone will constitute good cause to extend
12 discovery.  If the Court decides otherwise, little additional
13 discovery will be required and any prejudicial effect on Integral
14 will be minimal.  Additionally, Judge Cousins, who is handling
15 discovery in this case, recently granted AMEC's request for
16 Integral to apply additional search terms to identify responsive
17 data.  ECF No. 162.  More time for discovery will permit Integral
18 to comply with that order and AMEC to review any newly discovered
19 responsive documents. Accordingly, AMEC's motion to continue the
20 trial date and extend all other pretrial deadlines is GRANTED, but
21 AMEC's motion to shorten time is DENIED.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

It is hereby ORDERED that:

1. Trial in this matter is continued to April 27, 2015.
2. All discovery shall be completed and all depositions taken by January 23, 2015.
3. The last hearing date for motions, to be noticed in accordance with Civil Local Rule 7-2, is Friday, February 20, 2015, at 10:00 a.m. Counsel should contact the courtroom deputy clerk for an available date prior to noticing any motions for hearing.
4. A pretrial conference shall be held before the court on Friday, April 17, 2015, at 10:00 a.m.
5. All other deadlines and requirements set in the Court's May 30, 2014 status conference order, ECF No. 102, remain unchanged.

IT IS SO ORDERED.

Dated: October 10, 2014

UNITED STATES DISTRICT JUDGE