**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMEC ENVIRONMENT & INFRASTRUCTURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTEGRAL CONSULTING, INC. et al., <br><br> Defendants. | Case No. 12-cv-01735-SC <br><br> ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL <u>ORDER OF MAGISTRATE JUDGE</u> |

**I.  INTRODUCTION**

Now before the Court is Defendant Integral Consulting, Inc.'s ("Integral") Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge.  ECF No. 167 ("Mot.").  Integral objects to Magistrate Judge Cousins' order of October 9, 2014, which requires Integral to produce additional discovery in accordance with search parameters specified by Plaintiff AMEC Environment & Infrastructure, Inc. ("AMEC").  ECF No. 162 ("Magistrate Order").

///

///

## II. **PROCEDURAL HISTORY**

Judge Cousins issued his order on October 9, 2014. Federal Rule of Civil Procedure 72(a) requires that objections to nondispositive pretrial orders by magistrate judges be served and filed within fourteen days of service of the order. Integral timely objected, filing its motion exactly fourteen days after Judge Cousins issued his order. The Civil Local Rules in this District provide that:

> Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion. The District Judge may deny the motion by written order at any time, but may not grant it without first giving the opposing party an opportunity to respond. If no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied. The Clerk shall notify parties when a motion has been deemed denied.

Civ. L.R. 72-2. When Integral filed its motion, the Court's Electronic Court Filing System ("ECF") automatically generated a briefing schedule for the motion. That schedule specified that oppositions to Integral's motions were due on November 6, fourteen days after Integral filed its motion and the day that the motion would be deemed denied absent other action by the Court pursuant to Local Rule 72-2. AMEC did not file an opposition, and on November 12, the Clerk issued a notice vacating the hearing on Integral's motion. ECF No. 172.

On November 13, Integral filed a notice of non-opposition to its motion and asked the Court to grant its unopposed motion for relief. ECF No. 174. The same day, AMEC filed an opposition brief asserting that Local Rule 72-2 did not require it to file an opposition brief and that the motion should have been deemed denied

2

as of November 6. ECF No. 175 ("Opp'n"). The next day, November 14, Integral filed a reply brief asserting that the automatically generated ECF deadlines constituted a briefing schedule for its motion. ECF No. 176 ("Reply"). The Clerk never issued a notice that the motion was deemed denied.

### III. LEGAL STANDARD

When a party objects to a magistrate judge's nondispositive pretrial order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "This standard is highly deferential -- the district judge may not simply substitute his or her judgment for that of the magistrate judge." Campbell v. City of Milpitas, No. 13-CV-03817-BLF, 2014 WL 5077135, at *1 (N.D. Cal. Oct. 9, 2014) (citing Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991)).

### IV. DISCUSSION

Before analyzing the merits of Integral's objection, the Court pauses to clarify the procedural history of this case. Civil Local Rule 72-2 specifies that "[i]f no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied" (emphasis added). The automatic briefing schedule generated by ECF did not constitute an

order setting a briefing schedule for Integral's motion. On the contrary, it is the usual practice of district judges in this District to issue orders setting briefing schedules on motions for relief from nondispositive magistrate orders if the district judge intends to consider additional arguments before denying the motion. See, e.g., Order Setting Briefing Schedule on Plaintiff's Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge (ECF No. 40), Equal Emp't Opportunity Comm'n v. Peter's Bakery, No. 13-cv-04507-BLF (N.D. Cal. Aug. 22, 2014); Order Setting Briefing Schedule for Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge (ECF No. 167), Barnes & Noble, Inc. v. LSI Corp., No. C-11-2709 EMC (N.D. Cal. Jan. 24, 2013). Because the Court did not issue an order denying the motion or setting a briefing schedule, the motion should have been deemed denied as of November 6, 2014. However, the Court will explain its reasoning here.

In his order, Judge Cousins found that AMEC's discovery requests sought relevant information and held that the remaining question was "whether the burden of producing the information outweighs its probative value." Magistrate Order at 2. Though a magistrate judge's determination of relevance is a legal conclusion, district courts have tended not to disturb such conclusions absent abuse of discretion. See Equal Emp't Opportunity Comm'n v. Peters' Bakery, No. 13-CV-04507-BLF, 2014 WL 4648087, at *2 (N.D. Cal. Sept. 17, 2014) ("When a discovery order centers on a magistrate's determination of relevance, 'the standard of review in most instances is not the explicit statutory language, but the clearly implicit standard of abuse of discretion.'")

4

(citing <u>Geophysical Sys. Corp. v. Raytheon Co.</u>, 117 F.R.D. 646, 647 (C.D. Cal. 1987)).

Integral objects on two grounds to Judge Cousins' order. First, Integral objects that the expense of document collection from 11 custodians outweighs the benefit of discovery from those custodians. Integral argues that AMEC should have deposed those custodians before requesting document productions related to them because some of those custodians are associated with few or no relevant documents. Mot. at 3-4. The Court cannot conclude that conducting eleven additional depositions would be less onerous or expensive than the document production that will result from Judge Cousins' order. Nor does Integral provide a convincing conclusion that Judge Cousins' finding that AMEC sought potentially relevant information was in error. Therefore, the Court finds that neither Judge Cousins' relevance determination nor his conclusion that the benefits of discovery outweighed its costs are contrary to law. It is also important to note that Integral's primary objection to this discovery is that it is expensive. <u>Id.</u> However, Judge Cousins made clear that he will consider the imposition of cost sharing, and will consider "the cooperation, communication, and reasonableness shown by each side." Magistrate Order at 2. The Court finds that Judge Cousins' solution was eminently appropriate and well within his discretion, and that it should assuage Integral's concerns about the costs of this additional discovery.

Integral's second objection is that AMEC failed to include date parameters to which the parties had previously agreed. Mot. at 4-5. However, the search terms that Judge Cousins ultimately approved included new custodians and terms that were not among

those limited to those particular dates. See id.; compare ECF No. 143-6, with ECF No. 145 at 11-19. Indeed, Integral even proposes a different date range for certain search terms in its motion papers. Mot. at 5. Accordingly, the Court finds that Judge Cousins' order was not clearly erroneous or contrary to law.

### V. CONCLUSION

For the reasons set forth above, Defendant Integral Consulting, Inc.'s motion for Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge is DENIED.

IT IS SO ORDERED.

Dated: November 19, 2014

_____

UNITED STATES DISTRICT JUDGE