IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMEC ENVIRONMENT & INFRASTRUCTURE, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> INTEGRAL CONSULTING, INC., et al., <br><br>   Defendants. | Case No. 12-cv-01735-SC <br><br> ORDER GRANTING MOTION TO FILE <u>FIRST AMENDED COMPLAINT</u> |

## I.  INTRODUCTION

Plaintiff AMEC Environment & Infrastructure, Inc. ("AMEC") brings this action against Defendant Integral Consulting, Inc. ("Integral"), asserting that several former AMEC employees misappropriated AMEC's confidential information or trade secrets when those employees left AMEC to work at Integral.  AMEC now moves for leave to file an amended complaint to add a new defendant.  The motion is fully briefed[1] and suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons set forth below, AMEC's motion is GRANTED.

///

---

[1] ECF Nos. 148 ("Mot."), 164 ("Opp'n"), 166 ("Reply").

## II. BACKGROUND

The following facts are taken from the Complaint. ECF No. 1 ("Compl."). AMEC and Integral are both environmental consulting firms. Compl. ¶¶ 15-16. In August 2011, Edward Conti, a hydrologist working for AMEC, announced that he intended to leave AMEC to work for Integral. Id. ¶¶ 37-38, 52. AMEC alleges that, shortly before separating from AMEC, Mr. Conti met with at least three other AMEC employees, including Matthew Hillyard, David Averill, and Jagbir Dhaliwal. According to AMEC, Mr. Conti encouraged them to follow him to Integral. Id. ¶ 53. AMEC contends that, after resigning, Mr. Conti copied hundreds of confidential AMEC files from his work computers to USB mass-storage devices. Id. ¶ 54. Mr. Conti proceeded to recruit Mr. Hillyard to Integral. Id. ¶ 55. AMEC alleges that Mr. Hillyard, too, transferred hundreds of confidential AMEC files to mass-storage devices. Id. ¶ 56. Mr. Conti also recruited Ms. Dhaliwal and Mr. Averill to Integral. Id. ¶¶ 58-59. AMEC alleges that Integral and Mr. Conti relied upon the confidential AMEC documents that Mr. Conti took to target Mr. Averill so that Mr. Averill would convince AMEC clients to move their business to Integral. Id. ¶ 60. AMEC further alleges that Integral used the confidential information taken by Mr. Conti and Mr. Hillyard to entice clients and projects away from AMEC to Integral. Id. ¶¶ 62-80.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading as a matter of course within twenty-one days

2

after serving it or twenty-one days after the filing of a responsive pleading or a Rule 12(b), (e), or (f) motion. Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and the Ninth Circuit has stressed Rule 15's policy of favoring amendments. Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). However, leave need not be granted "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Id.

**IV.   DISCUSSION**

AMEC seeks leave of the Court to file an amended complaint that adds Mr. Averill as a defendant. Mot. at 2-4. The parties' arguments focus on whether AMEC unduly delayed in adding Mr. Averill as a defendant, and whether such delay prejudices Integral or Mr. Averill. See Opp'n at 4-6, Reply at 1-5. Integral argues that AMEC knew or should have known that Mr. Averill was a potential defendant months, or even years, ago. Integral asserts that "[t]he parties have appeared before Judge Cousins on numerous occasions arguing these exact issues pertaining to Averill's 500GB external hard drive" and that AMEC raised allegations against Mr. Averill in the original complaint and filings submitted in October and November 2013. Opp'n at 4-5.

AMEC responds that it did not realize Mr. Averill had potentially taken confidential files until recently. According to

3

AMEC, Integral has consistently delayed in producing the documents contained on Mr. Averill's hard drive. AMEC contends that it was not until mid-August, when AMEC produced some 70,000 documents from Mr. Averill's hard drives, that AMEC realized Mr. Averill may have taken confidential documents. Mot. at 3-4.

The Court sides with AMEC. While it is true that Mr. Averill was mentioned in AMEC's complaint and other filings, it is clear that the focus was on Mr. Conti and Mr. Hillyard. See Compl. ¶¶ 48-49, 52-73. Integral is also correct that AMEC argued as early as October 18, 2013 that Mr. Averill "stole AMEC files and used them at [his] new employer, Integral, to compete directly with AMEC." ECF No. 55, at 1. However, it is reasonable that AMEC did not realize it had a case against Mr. Averill until it actually received the documents that were on his hard drives. Accordingly, the Court finds that AMEC did not unduly delay in moving to add Mr. Averill as a defendant.

Integral also argues that permitting AMEC to amend its complaint will prejudice both Integral and Mr. Averill. Integral argues that it will be prejudiced because addition of a new defendant will require additional discovery that could have been conducted concurrently with discovery of the original defendants. Opp'n at 5. It is not clear, however, what discovery Integral fears will be unnecessarily duplicated, especially given that Integral has apparently already produced the relevant documents from Mr. Averill's hard drives. On the contrary, as AMEC points out, the discovery that has been conducted to date will likely be relevant to Mr. Averill. Reply at 5. Indeed, permitting AMEC to add Mr. Averill as a defendant in this case, rather than requiring

4

AMEC to file a separate action against him, would seem to serve the interests of justice and <u>prevent</u> expensive and duplicative discovery proceedings.

Finally, AMEC argues that Mr. Averill has not had an opportunity to conduct discovery in this case, and that allowing AMEC to bring causes of action against him is therefore prejudicial. The Court disagrees. The Court recently extended the discovery deadline to January 23, 2015. ECF No. 163. Given the similarities between AMEC's claims against Mr. Averill and AMEC's original claims, it seems likely that Mr. Averill will be able to conduct any necessary discovery by that date. If that is impossible, the Court will, of course, consider a motion to extend discovery again if good cause is shown.

**V.   CONCLUSION**

For the foregoing reasons, Plaintiff AMEC Environment and Infrastructure's motion for leave to file an amended complaint is GRANTED.

IT IS SO ORDERED.

Dated: December 3, 2014

UNITED STATES DISTRICT JUDGE

5