UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMEC ENV'T & INFRASTRUCTURE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEGRAL CONSULTING, INC., and others,<br><br>    Defendants. | Case No. 12-cv-01735 SC (NC)<br><br>ORDER COMPELLING AMEC'S PRODUCTION OF DOCUMENTS EVIDENCING DAMAGES<br><br>Dkt. Nos. 246, 247, 248, 249 |

    This order closes another chapter of discovery disputes in this trade secret theft case: discovery of documents evidencing AMEC's claimed damages. The document requests at issue are numbers 92 and 104-115 propounded by Integral. The Court held a hearing on these and other discovery disputes on April 29 and asked each party to submit a proposed order resolving the dispute about the damages documents. Dkt. Nos. 247, 248. The Court has considered the proposed orders and now GRANTS IN PART Integral's motion to compel:

    1. RFP 92: Amec must produce all documents that were used, relied upon, or which served as support for the calculation of damages set forth in the chart attached as Exhibit A to Amec's Third Supplemental Responses to Integral's Interrogatories, Set One.

    2. RFP 104-115: Amec must produce (1) summaries of the revenues and the invoices

for each project organized by client and project; (2) exemplar copies of invoices for each project; (3) summaries of expenses providing an itemized breakdown of the various categories of direct and indirect costs and expenses with respect to each project (such as but not limited to direct payroll, benefits, and overhead costs).

Amec must produce all responsive documents covered by this order by May 27.

In granting the motion, the Court finds that documents and information evidencing AMEC's claimed damages are relevant.  But the Court is not granting all the relief Integral seeks, because (1) Integral has other ways of discovering AMEC's damages, including fact depositions, interrogatories, and expert discovery; (2) the burden on AMEC from granting all the requests exceeds the likely benefit to Integral; and (3) the fact discovery deadline is May 29 and a further delay of the case is not in the interest of justice.

Any party may object to this nondispositive discovery ruling, but must do so within 14 days.  Civil L.R. 72-2.

IT IS SO ORDERED.

Date: May 15, 2015

_____
Nathanael M. Cousins
United States Magistrate Judge